NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3287
_____

DEWAYNE RETTIG,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:16-cv-00338)
District Judge: Hon. Joy F. Conti, Chief Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 15, 2018

Before: SMITH, Chief Judge, CHAGARES, FUENTES, Circuit Judges

(Filed: July 11, 2018)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, Circuit Judge

Dewayne Rettig appeals the District Court's grant of summary judgment in favor of the United States on his Federal Tort Claims Act claim.[1]  For the following reasons, we will affirm.

I.

Because we write primarily for the parties, we discuss only those facts necessary to our decision.

Throughout August 2010, Rettig visited the Pittsburgh Veterans Affairs University Drive Hospital ("the Hospital") for routine medical care.  In September 2010, Rettig was admitted to the Hospital and diagnosed with Legionnaires' disease.  Rettig's doctors speculated that he contracted the disease on a recent trip to Mexico.

Between January 2011 and October 2012, there was an outbreak of Legionnaires' disease associated with Veterans Affairs hospitals in the Pittsburgh area.  From November 2012 to May 2013, the Pittsburgh news media ran more than one hundred stories discussing the number of patients who had contracted Legionnaires' disease after receiving treatment at Pittsburgh's Veterans Affairs hospitals.  These stories also discussed the possibility that Veterans Affairs personnel had taken steps to cover up the outbreak.  Rettig admits he was aware in 2011 and 2012 of reports about the outbreak.  However, he claims that he never considered the possibility he might have contracted Legionnaires' disease at the Hospital

---

[1] In the Appellant's brief, Dewayne Rettig's first name is spelled "DeWayne." However, because he is listed as "Dewayne" in the caption and on the docket sheet, we refer to him as "Dewayne" in this opinion.

until 2014 when a reporter from the Pittsburgh Tribune Review contacted him, claiming that someone at the Hospital had told him that Rettig had contracted the disease there.

Throughout 2011 and 2012, Rettig frequently discussed the outbreak at the Hospital and potential sources of his illness with his friends and family. Specifically, Rettig's wife testified that in 2011 she told him there was "no way" he had contracted his disease in Mexico.[2] Rettig's friend also testified that the two men discussed the source of Rettig's disease "all the time."[3] In addition, Rettig's son discussed the outbreak with him in 2011 and 2012, including how Rettig "very quite possibly" could have contracted his disease at the Hospital.[4] Rettig's daughter also discussed with him the possibility that his disease might have stemmed from the Hospital.

On June 4, 2015, Rettig submitted an administrative claim to the Department of Veterans Affairs, asserting that he contracted his disease at the Hospital. On March 22, 2016, Rettig filed a complaint in the District Court, and on January 13, 2017, the United States filed a motion for summary judgment. The District Court granted summary judgment in favor of the United States on statute of limitations grounds. This appeal followed.[5]

---

[2] Joint Appendix at 48.

[3] *Id.* at 66.

[4] *Id.* at 81.

[5] The District Court had jurisdiction under 28 U.S.C. § 1346(b)(1). We have jurisdiction under 28 U.S.C. § 1291. Our review of a grant of summary judgment is plenary. *Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 297 n.11 (3d Cir. 2017). Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, the moving party demonstrates there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

II.

We will first examine whether Rettig's claim against the Hospital is time-barred and then turn to whether equitable tolling is warranted.

A.

The Federal Tort Claims Act ("Act") provides that claims against the United States must be made "within two years" after they accrue.[6] Under our precedent, "the crucial question in determining the accrual date for statute of limitations purposes is whether the injured party had sufficient notice of the invasion of his legal rights to require that he investigate and make a timely claim or risk its loss."[7] This standard is an objective one, meaning the statute of limitations is only tolled until a reasonable person would have had sufficient notice of an invasion of his rights.[8] The accrual date need not be postponed until the injured party knows every fact necessary to bring his action.[9]

Because Rettig filed his administrative claim on June 4, 2015, his claim will only be time-barred if it accrued prior to June 4, 2013. Rettig asserts that his claim did not accrue until June 2014 when he was contacted by a Pittsburgh reporter who indicated that Rettig contracted his Legionnaires' disease at the Hospital. However, the District Court concluded that his claim accrued earlier than June 2013 because "a reasonable person who contracts a rare disease shortly before learning about a well-publicized outbreak of that disease at a location he frequently visits has certainly received ample notice of the need to

---

[6] 28 U.S.C. § 2401(b).
[7] *Zeleznik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985).
[8] *Hughes v. United States*, 263 F.3d 272, 275 (3d Cir. 2001).
[9] *Zeleznik*, 770 F.2d at 23.

investigate with 'reasonable diligence' to determine whether his own injuries stem from the same source."[10] We will affirm.

There is no dispute that in 2011 and 2012 Rettig was aware of the news stories covering the outbreak of Legionnaires' disease at the Hospital. Given that the outbreak began only a few months after Rettig's hospitalization, a reasonable person in Rettig's shoes would have been put on notice that he should investigate whether his illness also originated at the Hospital. Furthermore, it is undisputed that Rettig's wife, children, siblings, and friends discussed the outbreak at the Hospital with Rettig. Specifically, Rettig's wife testified that in 2011 she told him there was "no way" he had contracted his disease in Mexico, and Rettig's friend testified that the two men discussed Rettig's disease "all the time," including the chance that it may have come from the Hospital. In addition, both Rettig's daughter and son discussed with him the possibility that his disease might have stemmed from the Hospital. Thus, prior to 2013, a reasonable person in Rettig's circumstances certainly had sufficient notice of the invasion of his legal rights to require that he investigate whether his routine visits to the Hospital were the cause of his Legionnaires' disease. Accordingly, we conclude Rettig's claim against the Hospital accrued before June 4, 2013.

B.

We also agree with the District Court's conclusion that the accrual date for Rettig's claim should not be equitably tolled. On appeal, Rettig challenges the District Court's

---

[10] Joint Appendix at 374-75.

5

conclusion and argues that his claim should be equitably tolled because he was actively misled by the government about the source of his disease. Specifically, Rettig asserts that the government actively misled him in two ways: by initially covering up the outbreak of Legionnaires' disease at the Hospital and by suggesting that he may have contracted his illness while on vacation in Mexico.

A federal statute of limitations can be equitably tolled only when a plaintiff establishes two distinct elements: (1) that he has been pursuing his rights diligently, and (2) the circumstances that caused his delay were "both extraordinary and beyond [his] control."[11] Equitable tolling is an extraordinary remedy, and the court extends it "only sparingly."[12]

In this case, Rettig failed to establish that he has been pursuing his rights diligently. There is no dispute of fact that Rettig was aware of the outbreak as early as 2011—at least a year and before he submitted his administrative claim to the Department of Veterans Affairs—yet he has not identified any diligent attempt to investigate his claim and find out whether he contracted his Legionnaires' disease at the Hospital. Therefore, Rettig may not avail himself of the benefit of equitable tolling, as he did not exercise due diligence in pursuing and preserving his claim under the Act.

Rettig has also failed to establish that the circumstances that caused his delay were both extraordinary and beyond his control. Significantly, Rettig failed to cite any evidence that the Hospital intentionally concealed the connection between his disease and the

---

[11] *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016).
[12] *Santos ex rel. Beato v. United States*, 559 F.3d 189, 206 (3d Cir. 2009).

Hospital's facilities or intentionally suggested an incorrect source of his disease. In fact, the record does not indicate that anyone at the Hospital was aware of the outbreak at the time of Rettig's initial diagnosis in September 2010. Thus, we conclude that Rettig's claim against the Hospital does not warrant equitable tolling.

III.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of the United States on Rettig's claim under the Act.